Cite as 2021 Ark. App. 141

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-19-812

| | | |
|---|---|---|
| RACHEL FREEMAN | | **Opinion Delivered:** March 31, 2021 |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23DR-16-352] |
| V. | | |
| DARREN FREEMAN | APPELLEE | HONORABLE DAVID M. CLARK, JUDGE |
| | | REVERSED AND REMANDED |

## STEPHANIE POTTER BARRETT, Judge

Rachel Freeman challenges the Faulkner County Circuit Court's failure to include $48,000 annual alimony payments in its calculation of Darren Freeman's income for the purpose of determining the proper amount of child support. We reverse and remand for further findings in accordance with the Arkansas Supreme Court's Administrative Order No. 10.

The parties were married on November 23, 2002, and had two children during the marriage. Rachel and Darren were divorced by decree entered on September 16, 2016. The decree reflects that the parties agreed on and approved the terms of the divorce. The parties were to share joint legal custody of their children, with Rachel having sole physical custody and reasonable visitation granted to Darren. Darren agreed to pay child support in the amount of $1800 biweekly to Rachel. The parties' decree did not give an exact amount

of Darren's annual income; instead, it broadly stated that "based upon Husband's net income, and in accordance with Administrative Order No. 10," $1800 was sufficient. Darren also agreed to provide Rachel his tax returns for the preceding year, including his W-2, 1099, and K-1 forms and to pay Rachel 21 percent of his net income (as defined in Administrative Order No. 10) in excess of the amount attributable to child support for two children in the amount of $1800 biweekly. In addition, Darren agreed to pay Rachel alimony in the amount of $4000 each month for sixty months beginning the month the decree was entered and then $2000 a month for the next twenty-four months.

On August 28, 2018, Rachel filed a "Motion to Enforce the Decree of Divorce" asking the circuit court to modify the amount of child support because Darren's income had increased since the original decree, and she asked for clarification on Darren's child-support obligation. Darren filed a response admitting that his child support should be determined by Administrative Order No. 10 but denied that his child-support obligation should increase.

Two hearings were held on the matter. The first hearing on Rachel's motion to enforce was held on November 28, 2018. The circuit court found that the original decree did not comport with Administrative Order No. 10 because it did not specify what Darren's income was and what the appropriate amount of child support was according to the guidelines. The circuit court declined to modify the child-support amount and ordered the parties to ascertain Darren's income information at the time the divorce was entered.

A second hearing was held on March 25, 2019. At the conclusion of the hearing, the circuit court issued a ruling. The circuit court awarded Rachel back child support in

2

the amount of $5,278 to make up for some discrepancies in Darren's 2018 income. The circuit court held that Darren was a salaried employee. The circuit court requested Darren's first four paystubs for 2019 and ordered that he be given the appropriate deductions in determining his child-support amount. Darren was ordered to pay Rachel 21 percent of any bonus check he received within fifteen days of receiving that check. The circuit court further held that while Darren received $48,000 annually from Access Family Medicine, due to his spousal-support obligation of the same amount, he would not pay child support based on this income "as it [would] be an offset against the spousal support that he's paying." The circuit court continued, "And I'm very well aware that I may be giving somebody the short end of the stick and I don't know what else I can do at this point in time because the Order does not reflect why any deviations or what was to be done." The circuit court opined, "But I think I can give him the offset for spousal support because I have to base it upon income."

When asked by Rachel's counsel to clarify the court's decision regarding the alimony not being included as income, this exchange occurred:

THE COURT: I am going to continue to give him – so long as he is paying alimony he is not paying on the forty-eight thousand dollars ($48,000) coming from the Access Family Medicine.

MR. MANSELL: Okay. Your Honor, are you considering that a deviation? What's – what's the basis?

THE COURT: Yes. I'm considering that a deviation.

MR. MANSELL: And can you explain the basis for it?

THE COURT: It is money that he has no access to because it's being used to support his ex-wife which, in essence, in support of his children, as well. So it is money that is being paid to his wife to support her and her children, so I think that enures to the benefit of the children.

MR. MANSELL: Okay. Thank you.

And I just want to record our objection to that point of view just for the record.

THE COURT: Sure. Absolutely.

MR. MANSELL: And, with respect to the offset, you were offsetting forty-eight thousand dollars ($48,000) versus it looked like forty-eight thousand dollars ($48,000) of income from Access Family Medicine. What if he makes a lot more than forty-eight thousand dollars ($48,000)?

THE COURT: I said as long as he makes that amount. As long as that amount remains constant, it's an offset strictly against what he pays in spousal support.

A final order was entered subsequent to the March 25 hearing. The circuit court found that from 2019 forward, Darren was a salaried employee and ordered him to pay child support based on his net take-home biweekly income of $7553.14. Under the Arkansas Child Support Guidelines, his child support for the first $2000 of income is $425 biweekly. The remaining $5513.14 was to be multiplied by 21 percent ($1166.15) for a total biweekly support obligation of $1591.16 owed to Rachel.

The order also provided that the $48,000 of annual income Darren received from Access Family Medical offset the $48,000 alimony payments Rachel received. The order stated, "Plaintiff will not pay child support on the $48,000 per year from the Access Family Medicine." This appeal followed.

4

On appeal, Rachel contends the circuit court erred in two respects: (1) applying Rachel's alimony payments as a deviation for purposes of determining Darren's child-support obligations under Supreme Court Administrative Order No. 10 "Child Support Guidelines"; and (2) failing to abide by Ark. Code Ann. § 9-14-106(a)(2)(C) (Repl. 2020), which requires the circuit court to set forth, in its written findings, the justification of the abatement or reduction of the chart amount contained in Administrative Order No. 10.

We review child-support cases de novo on the record, but we will not reverse the circuit court's findings of fact unless they are clearly erroneous. *Higdon v. Roberts*, 2020 Ark. App. 59, 595 S.W.3d 19. In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* As a rule, when the amount of child support is at issue, we will not reverse the circuit court's decision absent an abuse of discretion. *Id.* However, a circuit court's conclusion of law is given no deference on appeal. *Id.*

Until recently, Arkansas courts have used the following process to calculate child support: (1) determine the payor's gross income; (2) subtract deductions like taxes and health-care premiums from gross income to determine net income; (3) take the net income and number of children and look to the support-chart grid to determine what it states that parent should pay; and (4) decide if any factors justify awarding more or less than the amount set forth on the support chart (i.e. a deviation).[1] The payee's income was considered, if at all, a factor supporting a deviation instead of a required step in calculating child support.

---

[1]As of July 1, 2020, all new child-support orders issued in Arkansas are governed by a new method of calculation. Under the revised rules, if a parent is paying spousal support and child support to the same person, then the amount of alimony a former payee spouse

It shall be a rebuttable presumption that the amount contained in the family-support chart is the correct amount of child support to be awarded. Ark. Code Ann. § 9-12-312(a)(3)(B) (Repl. 2015). Only upon a written finding or a specific finding on the record that the application of the family-support chart would be unjust or inappropriate, as determined under established criteria set forth in the family-support chart, shall the presumption be rebutted. Ark. Code Ann. § 9-12-312(a)(3)(C) (Repl. 2020). All orders granting or modifying child support (including agreed orders) shall contain the court's determination of the payor's income, recite the amount of support required under the guidelines, and recite whether the court deviated from the family-support chart. *See* Ark. Sup. Ct. Admin. Order No. 10. If the order varies from the guidelines, it shall include a justification of why the order varies as may be permitted under section V of Administrative Order No. 10.

Rachel argues on appeal that the circuit court clearly erred in considering alimony as a deviation under Administrative Order No. 10 for purposes of calculating Darren's child support. We agree and reverse and remand. We find that the circuit court erred in its determination of Darren's child-support obligation in its calculation of all sources of his income. It is undisputed that the $48,000 Darren received annually from Access Family Medical was income. Specifically, section (II) of Administrative Order No. 10 defines income as any form of payment, which expressly includes salaries. Because the circuit court

---

may be receiving shall be reduced from the payor's gross income and added to the payee's gross income for purposes of determining income under the child-support calculation.

did not follow the approach mandated by Administrative Order No. 10, we reverse and remand for findings of fact consistent with this opinion.

To be clear, circuit courts have the authority in granting or modifying child-support amounts that deviate from the family-support chart under Administrative Order No. 10. However, when a circuit court does deviate from the family-support chart, it must issue written findings that contain the court's determination of the payor's income, recite the amount of support required under the guidelines, and recite whether the court deviated from the family-support chart. *Ryburn v. Ryburn*, 2014 Ark. App. 108, 432 S.W.3d 102. Also, when an order varies from the guidelines, it shall include a justification of why the order varies as may be permitted under section (V) of Administrative Order No. 10.

Reversed and remanded.

ABRAMSON and VAUGHT, JJ., agree.

*Anthony G. Mansell*, for appellant.

*Quincy W. McKinney*, for appellee.